NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN MICHAEL MIHAJSON, | No. 17-55202 |
| Petitioner-Appellant, | D.C. No. 5:15-cv-02598-ODW-AGR |
| v. | |
| NEIL MCDOWELL, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted February 4, 2019**
Pasadena, California

Before: GOULD and NGUYEN, Circuit Judges, and BENITEZ,*** District Judge.

Sean Michael Mihajson appeals the denial of his habeas corpus petition

challenging his conviction for first-degree murder. We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

28 U.S.C. §§ 1291, 2254. We affirm.

First, Mihajson argues that the prosecutor committed misconduct during closing argument by misstating the burden of proof. The California Court of Appeal ("CCA") found that Mihajson forfeited this claim when his counsel failed to timely object and request an admonition. The prosecutorial misconduct claim is procedurally barred because of the failure to object. *See Fairbanks v. Ayers*, 650 F.3d 1243, 1256–57 (9th Cir. 2011) (holding that as long as the state court "explicitly invokes a state procedural bar rule as a separate basis for its decision," federal courts cannot reconsider the issue) (quoting *Jackson v. Giurbino*, 364 F.3d 1002, 1006–07 (9th Cir. 2004)).

Second, Mihajson contends that his counsel was ineffective in failing to object to the prosecutor's misstatements, and that the CCA's finding that this error was non-prejudicial was an unreasonable application of clearly established law. *See* 28 U.S.C. § 2254(d)(1). To prove ineffective assistance of counsel, Mihajson must show that (1) counsel's behavior was objectively unreasonable, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 688, 694 (1984). The CCA acknowledged that the prosecutor misstated the burden of proof in urging the jury that a reasonable doubt must be connected to some affirmative evidence in the record, but found the error harmless. The trial court not

2

only properly instructed the jury on the reasonable doubt standard, it also instructed the jury to follow the court's instructions if they conflicted with counsel's statements. Further, as the CCA discussed, the circumstantial evidence showing that Mihajson planned to and murdered the victim was compelling. Mihajson's sister told friends that Mihajson was setting up a drug deal to rob the victim; cell phone records placed the victim near Mihajson's condo on the day of the purported drug deal; Mihajson was found in possession of roughly the same amount of money that the victim had earlier withdrawn from two banks; Mihajson asked his sister to buy plastic sheeting and duct tape the day of the killing, and he later gave her money to go shopping while he cleaned up the condo; Mihajson's sister told her friend that same day that the victim was "no more" and "gone"; Mihajson's condo was remodeled extensively after the victim's disappearance, including new carpeting, paint, and curtains; and Mihajson fled the area and stayed at various hotels before relocating to Las Vegas. Therefore, the CCA's conclusion that this error was non-prejudicial is a reasonable application of clearly established law.

Third, Mihajson argued that the trial court erred in admitting the testimony of Cynthia Garcia, the victim's partner. Garcia testified that the victim told Garcia that she was with Mihajson on the day of the murder. The CCA reasonably found that the trial court erred, but that the error did not require reversal. Independent

3

evidence placed the victim with Mihajson, including their cell phones triggering the same tower within eight minutes of one another and bank withdrawals consistent with the victim pursuing the purported drug deal alone. Therefore, Mihajson was not prejudiced by the erroneous admission given the strong circumstantial evidence.

Fourth, Mihajson contends that the trial court erred in admitting the testimony of Karen Reyes, a friend of Mihajson's sister. Reyes testified that she believed the victim was dead and that Mihajson killed her. The CCA reasonably concluded that the trial court erred, but found that error harmless in light of the "strong evidence of Mihajson's guilt."

Finally, Mihajson raises a claim of cumulative error premised on all four of his above arguments taken together. For the same reasons explained above, the CCA reasonably rejected this claim.

In sum, because the CCA reasonably applied clearly established Supreme Court law, we therefore defer to that decision under the Antiterrorism and Effective Death Penalty Act of 1996.

**AFFIRMED.**